UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE VASTA,

                Plaintiff,

-against-

SUPER STOP & SHOP #0509 a/k/a STOP & SHOP and MAURICE FAULK,

                Defendants.

**OPINION AND ORDER**

14 Civ. 3287 (ER)

Ramos, D.J.:

      This dispute centers on allegations that Salvatore Vasta ("Plaintiff") was injured by Maurice Faulk ("Faulk"), a store detective working at a Stop & Shop supermarket ("Stop & Shop") located in Maspeth, Queens. On February 11, 2014, Plaintiff filed suit against Faulk and Stop & Shop ("Defendants") in New York State Supreme Court, Bronx County. Defendants subsequently removed the case to this Court. Before the Court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

      Plaintiff brought this suit to recover for injuries he allegedly suffered in the parking lot of a Stop & Shop the night of April 22, 2011. Frost Aff. (Doc. 27), Ex. D at 12:4–13:15. According to Plaintiff, on that night, he went to the Stop & Shop to find cigarettes and a bathroom and instead happened upon a woman being assaulted in the parking lot by a man. *Id.* at 14:14–19, 18:18–22, 23:6–23. Plaintiff testified that after he told the man to let the woman go, the man proceeded to assault him, throwing him hard to the ground. *Id.* at 16:10–19, 20:21–21:8, 24:23–24. Plaintiff claims that he landed on his right knee and that an X-ray later revealed

a "right tibial plateau, depressed fracture." *Id.* at 21:11–12, 39:6–22, 54:9–20.  As a result of the incident, Plaintiff claims his knee is permanently damaged and that he has daily pain.  *Id.* at 62:9–10, 71:20–25.

Plaintiff later discovered that the man who allegedly assaulted him was Faulk, and that what he witnessed was Faulk apprehending the woman for shoplifting from the Stop & Shop.  *Id.* at 27:10–25.  Accordingly, on February 11, 2014, Plaintiff filed this suit against Faulk and Stop & Shop, alleging common law negligence claims based on his injured knee.  Doc. 2, Ex. A.  Defendants removed the case to this Court on May 6, 2014.  Doc. 2.

On October 24, 2014, the Court referred the case to Magistrate Judge Gorenstein for all general pre-trial purposes, including discovery.  Doc. 4.  The Court also entered a scheduling order, which set October 31, 2015 as the deadline for the close of all discovery.  Doc. 5.  On October 27, 2014, Magistrate Judge Gorenstein issued an order providing that all discovery motions must be made no later than thirty days prior to the close of discovery.  Doc. 8.

On September 8, 2015, Plaintiff was deposed.  Frost Aff., Ex. D.  At his deposition, Plaintiff testified that he did not know the identity of the woman involved in the altercation.  *Id.* at 22:14–23.  Sometime after his deposition, however, Plaintiff admitted that he did know the woman—she was his mother-in-law, Janet Victors.  *See* Vasta Aff. (Doc. 34) ¶ 4.[1]  Ms. Victors was subsequently deposed, and she corroborated much of Plaintiff's version of events.  *See* Frost Aff., Ex. F at 15:20–23, 17:11–17, 18:7–9, 23:13–16.

Faulk was also deposed, but his version of events differed dramatically from Plaintiff's.  *See id.*, Ex. E.  Faulk testified that he worked as a store detective for various Stop & Shop

---

[1] According to Plaintiff, he was not truthful at his deposition because Ms. Victors was ashamed of her involvement in a shoplifting incident.  Vasta Aff. ¶ 4.

2

locations from 1989 to November 2011, but he did not recall ever working at the Maspeth, Queens location in April 2011. *Id.* at 7:23–8:3, 8:14–21, 13:9–12, 15:19–25. Faulk also denied recollection of any incident of the type described by Plaintiff and Ms. Victors. *Id.* at 22:2–6.

On October 15, 2015, Defendants submitted a letter to the Court requesting leave to file a motion for summary judgment on Plaintiff's claims. Doc. 10. The Court held a status conference on November 4, 2015, at which time the Court instructed the parties to jointly submit a proposed briefing schedule.

Rather than submit such a schedule, the parties continued to engage in discovery. Notably, on November 5, 2015, Defendants produced an Asset Protection Report related to the April 22, 2011 incident. Hershman Aff. (Docs. 33, 35), Ex. H. The document purports to be written by Faulk, and it includes the date and time of the incident, the list of merchandise allegedly taken by Ms. Victors, and a narrative of the events that transpired. *Id.* Specifically, it states that while Faulk was stopping Ms. Victors, her son-in-law "attempted to attack [him] from behind," and Faulk "ward[ed] off the unknown attacker." *Id.*

In late December 2015, Defendants sought to reopen Plaintiff's deposition, to question him about inconsistent reports about how and when the alleged altercation occurred. Doc. 20. Magistrate Judge Gorenstein denied the request, and instead set a briefing schedule for Defendants' summary judgment motion. Doc. 23.

On February 1, 2016, Defendants filed their moving papers. *See* Docs. 26–28. Plaintiff filed his opposition on February 12, 2016. *See* Docs. 32–25. On February 24, 2016, Defendants filed their reply. Doc. 37.

**II. LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The non-moving party must do more than show that there is "some metaphysical doubt as to the material facts." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To defeat a motion for summary judgment, "the non-moving party must set forth significant,

probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

## III. DISCUSSION

Defendants primarily move for summary judgment on the ground that Plaintiff's claims are time barred. Defs.' Mem. (Doc. 28) at 2–3, 4–9. Alternatively, Stop & Shop argues that it is entitled to summary judgment because there is no genuine dispute as to any material fact related to Plaintiff's claims. *Id.* at 9–18. Each of these arguments is addressed in turn.

### A. Timeliness of Plaintiff's Claims

Defendants argue that because all of Plaintiff's claims in this action relate to an intentional tort, New York's one-year statute of limitations applies to bar Plaintiff's claims. Defs.' Mem. at 2–3, 4–9; *see* N.Y. C.P.L.R. § 215. Plaintiff "readily concedes" that his action would be time barred if the one-year statute of limitations applied, but he argues that his action instead lies in negligence, and thus New York's three-year statute of limitations applies. Hershman Aff. ¶ 17; *see* N.Y. C.P.L.R. § 214. The underlying incident occurred on April 22, 2011, and Plaintiff filed his action within the three-year limitations period, on February 11, 2014. The key question, therefore, is whether Plaintiff's claims sound in negligence or intentional tort.

Plaintiff appears to have alleged only negligence against both Faulk and Stop & Shop. *See* Doc. 2, Ex. A ¶ 19 ("That at the said time and location the plaintiff . . . was injured as a result of the negligence and carelessness of the defendant(s), . . . including the negligent and careless hiring and supervision of agents, servants and/or employees."). That alone, however, does not decide the issue. "[I]f, based on a reading of the factual allegations, the essence of the complaint[] was to recover damages for injuries as the result of an assault, the plaintiff cannot avoid the Statute of Limitations by seeking to recover damages for negligence." *Wrase v. Bosco*,

5

271 A.D.2d 440, 441 (2d Dep't 2000).  Moreover, "[i]t is well-established under New York law that if the only inference that may be drawn from the evidence is that the defendant's contact with the plaintiff was intentional, the plaintiff may recover only for assault and/or battery and a negligence claim should not be submitted to the jury." *Dewitt v. Home Depot U.S.A., Inc.*, No. 10 Civ. 3319 (KAM), 2012 WL 4049805, at *10 (E.D.N.Y. Sept. 12, 2012) (collecting cases).

Here, the only inference that may be drawn from the evidence is that Faulk's contact with Plaintiff was intentional.  According to Plaintiff's testimony, Plaintiff was "assaulted" when Faulk "came from behind [him] and . . . threw [him] down on the sidewalk" "hard."  Frost Aff., Ex. D at 16:11, 16:14–17, 21:8.  Ms. Victors corroborated Plaintiff's account, testifying that Faulk "got behind [Plaintiff] and . . . knocked him to the ground."  *Id.*, Ex. F at 17:14–17.[2] Accepting Plaintiff's version of the facts as true, as the Court must, "the only inference that may be drawn is that [Faulk's] offensive bodily contact with the plaintiff—if it occurred at all—was intentional and not negligent, and there is 'no basis in the record to support a finding that the [contact] was inadvertent, accidental or anything but willful.'" *Dewitt*, 2012 WL 4049805, at *11 (quoting *Sanchez ex rel. Hernandez v. Wallkill Cent. Sch. Dist.*, 221 A.D.2d 857, 857 (3d Dep't 1995)).  "[T]he fact that plaintiff is now arguing negligence . . . does not transform the cause of action into one for negligence where there is no evidence to support such a claim." *Id.* at *12.  Accordingly, New York's one-year statute of limitations bars Plaintiff's claims against Faulk, as well as Plaintiff's claim against Stop & Shop for vicarious liability for the assault. *See id.* (granting Home Depot's motion for summary judgment on plaintiff's respondeat superior

---

[2] Faulk does not dispute Plaintiff's characterization of the incident; instead, he denies any recollection of working at that Stop & Shop on the date in question or ever being involved in such an incident at that location.  Frost Aff., Ex. E at 13:9–12, 15:19–25, 22:2–6.

6

claim for an employee's negligence, where the plaintiff similarly attempted to "circumvent the statute of limitations bar to the intentional tort claims by bringing his claim in negligence").[3]

The fact that Plaintiff's alleged injuries resulted from the intentional conduct of one of Stop & Shop's employees does not, however, preclude Plaintiff from alleging other negligence claims against Stop & Shop. *Smith v. Conway Stores, Inc.*, 131 A.D.3d 1040, 1040 (2d Dep't 2015). "In those instances where an employer cannot be held vicariously liable for torts committed by its employee, the employer can still be held liable under theories of negligent hiring and negligent retention. The negligence of the employer in such a case is direct, not vicarious, and arises from its having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee." *Sheila C. ex rel. Sheila Doe v. Povich*, 11 A.D.3d 120, 129 (1st Dep't 2004) (citations omitted). Here, Plaintiff has alleged claims against Stop & Shop for negligent hiring, supervision, retention, and training. Doc. 2, Ex. A ¶ 19. As New York's three-year statute of limitations applies to these "direct negligence" claims, they are not untimely. *Bouche v. City of Mount Vernon*, No. 11 Civ. 5246 (SAS), 2012 WL 987592, at *9 (S.D.N.Y. Mar. 23, 2012); *see Smith*, 131 A.D.3d at 1040.

### B. Existence of Disputed Material Facts

Stop & Shop argues that it is entitled to summary judgment on Plaintiff's claims for negligent hiring, supervision, retention, and training because there is no genuinely disputed material issue of fact as to these claims. Defs.' Mem. at 11–18. In order to support a claim for

---

[3] Because the Court finds that Plaintiff's claim against Stop & Shop for vicarious liability is time barred, the Court need not decide whether Stop & Shop is alternatively entitled to summary judgment on this claim on the basis that Faulk was not acting within the scope of his employment when he allegedly assaulted Plaintiff. *See* Defs.' Mem. at 9–10.

7

negligent hiring, supervision, or retention, a plaintiff must show that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Dewitt*, 2012 WL 4049805, at \*6 (quoting *Bouche*, 2012 WL 987592, at \*9).  Further, in order to support a claim for negligent training, a plaintiff must demonstrate "deficiencies in the training of [the employee] that, if corrected, could have avoided the alleged harm."  *Id.* at \*8 (quoting *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 225 (E.D.N.Y. 2010)).  Stop & Shop argues that Plaintiff has failed to raise a triable issue of fact as to whether Stop & Shop knew or should have known of Faulk's propensity for violence or whether Faulk was negligently trained.  Defs.' Mem. at 11–18.

In support of its arguments, Stop & Shop relies primarily on an affidavit from Mitchell Scull, Stop & Shop's Asset Protection Director.  Frost Aff., Ex. G ("Scull Aff.").  Specifically, in arguing that it had no knowledge of any propensity for violence on the part of Faulk, Stop & Shop points to Scull's sworn statements that:  Stop & Shop performs a routine background check on store detectives before they are hired, *id.* ¶ 5; Stop & Shop performed a background check on Faulk before he was hired, and the check revealed no prior violent acts, *id.* ¶ 6; a recent criminal background check on Faulk revealed no prior violent acts, *id.* ¶ 8; Faulk stated in his employment application that he had never committed a crime, *id.* ¶ 7; Stop & Shop checked Faulk's references prior to hiring him and those calls revealed no prior violent acts, *id.* ¶ 10; and the remainder of Faulk's employee file reveals no prior violent acts, *id.* ¶ 9.  Defs.' Mem. at 11–17.  Further, in arguing that Faulk was properly trained, Stop & Shop points to Scull's sworn statements that:  Stop & Shop mandates training for all of its store detectives, Scull Aff. ¶ 11; and Faulk completed mandatory training, the details of which are set forth in the affidavit, *id.*

8

¶¶ 11–21. Defs.' Mem. at 17–18.[4]  In the absence of any competing evidence, Defendants argue, there is no genuine dispute as to any material fact related to Plaintiff's negligent hiring, supervision, retention, and training claims.

Plaintiff argues that numerous items of discovery remain outstanding and asks that the Court deny or continue Defendants' motion pursuant to Federal Rule of Civil Procedure 56(d). Pl.'s Opp'n Mem. (Doc. 32) at 5–7.  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d) (formerly Rule 56(f)).  A party resisting summary judgment on this ground must file an affidavit explaining:  (1) the nature of the uncompleted discovery, *i.e.*, what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful.  *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 926 (2d Cir. 1985); *see MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 596 (S.D.N.Y. 2009) (same).

Plaintiff submits his own affidavit and an affirmation from his attorney stating that he seeks:  Faulk's employee file; a further deposition of Faulk; training documents, manuals, or videos applicable to Faulk and the Stop & Shop location at the time of the incident; a field manager report for the incident; asset protection reports involving Faulk prior to the date of the incident; a deposition of the custodian of surveillance tapes for the Stop & Shop location where

---

[4] Defendants also point to Faulk's testimony regarding the training he allegedly received.  Defs.' Mem. at 18; *see* Frost Aff., Ex. E at 10:14–19, 16:2–21:6, 24:5–25:6.

the incident occurred; and a deposition of Scull. Hershman Aff. ¶ 22; Vasta Aff. ¶ 7. Plaintiff argues that the foregoing discovery is central to the issue of whether Stop & Shop was negligent in hiring, retaining, supervising, and training Faulk. Hershman Aff. ¶¶ 23, 25, 28; Vasta Aff. ¶ 8. Finally, Plaintiff argues that he previously sought but did not receive this discovery from Defendants and that "one would [have] consider[ed] that no such documents existed" up until the time Defendants relied upon them in their moving papers. Hershman Aff. ¶¶ 9, 20, 26, 30; Vasta Aff. ¶¶ 8–13.

      The Court agrees with Plaintiff that he is entitled to additional discovery before Defendants can be awarded summary judgment on Plaintiff's negligent hiring, supervision, retention, and training claims. However, Plaintiff is not entitled to all of the discovery he seeks. Plaintiff is certainly entitled to the documents relied upon in Defendants' summary judgment motion that were not previously produced by Defendants, namely Faulk's employee file (including his employment application, any background checks conducted, any information concerning his references, any evidence of training he underwent, and any asset protection reports in which he was involved prior to the incident) and the training materials described in the Scull Affidavit. Defendants were obligated to produce these materials during discovery, both in response to Plaintiff's discovery requests and pursuant to the Federal Rules. *See, e.g.*, Hershman Aff., Ex. A (demanding that Faulk produce at his deposition all documents in his possession "with respect and reference to the cause(s) of action herein"); Fed. R. Civ. P. 26(a)(1)(A)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a copy— or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may

use to support its claims or defenses, unless the use would be solely for impeachment.").[5] Plaintiff is also entitled to reopen Faulk's deposition and to depose a witness designed by Stop & Shop pursuant to Rule 30(b)(6) (whether Scull or otherwise), but solely for the purpose of eliciting testimony regarding these previously undisclosed materials.[6]

Plaintiff is not entitled to depose a custodian of surveillance tapes for the Stop & Shop location where the incident occurred,[7] or to discovery of any field manager reports, as Plaintiff has not shown diligence in seeking to compel such discovery. Although Plaintiff maintains that he did not have an opportunity to appear before the Court to address Defendants' failure to respond to these demands, Hershman Aff. ¶ 12, nothing prevented Plaintiff from filing a letter to the Court raising these issues in a timely manner. Indeed, Magistrate Judge Gorenstein directed the parties to make any discovery motion no later than thirty days prior to the close of discovery. Doc. 8.

Because Plaintiff "cannot present facts essential to justify [his] opposition," the Court denies without prejudice, under Rule 56(d), Defendants' motion for summary judgment as to Plaintiff's negligent hiring, supervision, retention, and training claims.

---

[5] Even if the Court denied Plaintiff's request under Rule 56(d), much of the information contained in the Scull Affidavit is inadmissible hearsay. *See* Fed. R. Evid. 803(6) (requirements to establish business records exception to hearsay). Moreover, Defendants are only permitted to use previously undisclosed information to supply evidence on a motion if the failure to produce the information was "substantially justified" or "harmless," Fed. R. Civ. P. 37(c)(1), showings that are lacking here.

[6] Defendants have argued that if the Court allows Plaintiff time to conduct additional discovery, they will be prejudiced by virtue of the fact that their request to conduct additional discovery was previously denied. Doc. 30. By way of background, on December 28, 2015, Defendants requested leave to conduct a further deposition of Plaintiff, based on alleged inconsistencies about when and how the alleged altercation between Plaintiff and Faulk occurred. Doc. 20. Defendants noted that in the course of discovery, certain documents, including an internally generated incident report and an NYPD arrest report, had contributed to the inconsistencies. *Id.* Magistrate Judge Gorenstein denied the request, in light of the fact that the referred-to incident report and arrest report were already available to Defendants at the time of Plaintiff's deposition. Doc. 23 (citing Doc. 21). Here, by contrast, the documents referenced in Defendants' summary judgment papers were not made available to Plaintiff until well after the close of discovery.

[7] Defendants have consistently maintained that they are not in possession of any surveillance tapes of the incident. *See* Hershman Aff., Exs. B, F.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. Specifically, summary judgment is granted as to Plaintiff's claims against Stop & Shop for vicarious liability and as to all of Plaintiff's claims against Faulk, and those claims are dismissed. Summary judgment is denied, without prejudice, as to Plaintiff's claims against Stop & Shop for negligent hiring, supervision, retention, and training. The parties are directed to appear for a conference on **October 21, 2016 at 10:10 a.m.** The Clerk of the Court is respectfully directed to terminate the motion, Doc. 26.

It is SO ORDERED.

Dated:   September 29, 2016
         New York, New York

_____
Edgardo Ramos, U.S.D.J.